# EXHIBIT 1

Law Offices of Robert S. Gitmeid & Associates, PLLC
By: Robert Wennemer, Esq.
N.J. Bar No. 415282023
30 Wall Street, 8th Floor #741
New York, New York 10005
Tel: (866) 249-1137
Email: Robert.W@gitmeidlaw.com

# NEW JERSEY SUPERIOR COURT
# GLOUCESTER COUNTY
# CIVIL PART

|  |  |
|---|---|
| William Wisniewski,<br><br>　　　　　　　Plaintiff,<br><br>　－ against－<br><br>JPMorgan Chase Bank, N.A. and<br>Equifax Information Services, LLC,<br><br>　　　　　　　Defendants. | Docket No.:<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff William Wisniewski (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, JPMorgan Chase Bank, N.A. (hereinafter "Chase") and Equifax Information Services, LLC, (hereinafter "Equifax") (collectively "Defendants"), hereby alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter the "FCRA"), the New Jersey Fair Credit Reporting Act, N.J.

Stat. § 56:11-28, et seq. (hereinafter the "NJ FCRA"), and other claims related to unlawful credit reporting practices. The FCRA and NJ FCRA prohibit furnishers and consumer reporting agencies (hereinafter "CRA" or "CRAs") from falsely and inaccurately reporting consumers' credit information.

## PARTIES

2. Plaintiff is an adult citizen of the State of New Jersey, domiciled in West Deptford, Gloucester County, New Jersey.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Chase is a national financial services company and "furnisher" of consumer credit information as that term is used in 15 U.S.C. § 1681s-2 of the FCRA.

5. Chase is qualified to do business in the State of New Jersey and regularly conducts business in Gloucester County, New Jersey.

6. Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

7. Equifax is qualified to do business in the State of New Jersey and regularly conducts business in Gloucester County, New Jersey. Equifax is one of the largest CRAs in the world.

## JURISDICTION & VENUE

8. Jurisdiction and venue are proper in this Court pursuant to N.J. Const., Art. VI, § 3, ¶ 2 and N.J. Court Rule 4:3-2(a). Specifically, jurisdiction and venue are proper as, *inter alia*, the claims asserted herein, or some part thereof, arose in Gloucester County, New Jersey; Defendants conduct business in Gloucester County, New Jersey; and Plaintiff is domiciled in Gloucester County, New

Jersey.

## **FACTUAL ALLEGATIONS**

9.  Chase issued a credit account ending in 0617 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

10. The consumer credit report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, and/or mode of living which is used for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about December 9, 2021, Plaintiff and Chase entered into a settlement agreement for the above-referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

12. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $2,232.00 to settle and close his Chase account.

13. Plaintiff, via his debt settlement representative, timely made the requisite settlement payments.

14. However, over one (1) year later, Plaintiff's Chase account continued to be negatively reported.

15. In particular, on a requested credit report dated December 4, 2023, Plaintiff's Chase account was reported with a status of "Charge Off," a balance of $4,462.00, and a past due balance of $4,462.00. The relevant portion of Plaintiff's December 2023 credit report is attached hereto as **Exhibit B**.

3

16. This tradeline was, and continues to be, inaccurately reported. As evidenced by the enclosed settlement documents and information, the account was settled for less than the full balance and must be reported as settled with a balance of $0.00.

17. On or about December 4, 2023, Plaintiff, via counsel, notified Equifax of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Chase account. A copy of Plaintiff's dispute letter is attached hereto as **Exhibit C**.

18. Therefore, Plaintiff disputed the accuracy of the derogatory and inaccurate information reported by Chase to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In January 2024, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Chase account remained inaccurate as Defendants failed to correct the inaccuracy. The relevant portion of the Plaintiff's January 2024 credit report is attached hereto as **Exhibit D**.

20. Upon information and belief, Equifax did not notify Chase of the dispute by Plaintiff in accordance with the FCRA and NJ FCRA. Alternatively, Equifax did notify Chase of Plaintiff's dispute, but Chase failed to properly investigate and delete the tradeline at issue or failed to properly update the tradeline on Plaintiff's credit report.

21. If Chase had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase account would have been updated to reflect a settled status with a balance of $0.00.

22. Despite the fact that Chase has promised through its subscriber agreements and/or contracts to accurately update accounts, Chase has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this

requirement, as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and credit reports, concerning the account in question, thus violating the FCRA and NJ FCRA. These violations occurred before, during, and after the dispute process began.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and/or in wanton disregard for federal law and the rights of the Plaintiff herein.

**<u>FIRST CAUSE OF ACTION</u>**
Fair Credit Reporting Act

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. Chase is reporting inaccurate credit information concerning Plaintiff to one (1) or more CRAs as defined by 15 U.S.C. § 1681a.

29. Plaintiff notified Defendants of a dispute on the subject account's completeness

and/or accuracy, as reported.

30. Chase failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the CRAs within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Chase failed to promptly correct the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's dispute.

33. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, thus violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one (1) or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, increased interest rates, and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
New Jersey Fair Credit Reporting Act

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. Equifax failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's dispute.

38. Equifax failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30-day statutory period as required by N.J. Stat. § C.56:11-36f(1).

39. Equifax failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's dispute as required by N.J. Stat. §§ C.56:11-36(a) and C.56:11-36(e).

40. As a result of the above violations of the NJ FCRA, Plaintiff suffered actual damages in one (1) or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, increased interest rates, and other damages that may be ascertained at a later date.

41. As a result of the above violations of the NJ FCRA, Equifax is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n, or alternatively, 15 U.S.C. § 1681o;

4. That judgment be entered against Equifax for actual damages pursuant to N.J. Stat. § C.56:11-38, or alternatively, N.J. Stat. § C.56:11- 39;

5. That judgment be entered against Defendants for punitive damages pursuant to N.J. Stat. § C.56:11-38;

6. That the Court award costs and reasonable attorneys' fees pursuant to N.J. Stat. § C.56:11-38, or alternatively, N.J. Stat. § C.56:11-39; and

7. That the Court grant such other and further relief as may be just and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 4:35-1 of the N.J. Court Rules, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: January 26, 2024

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: */s/ Robert Wennemer*
Robert Wennemer, Esq.
30 Wall Street, 8th Floor #741
New York, New York 10005
Tel: (866) 249-1137
Fax: (212) 412-9005
Email: Robert.W@gitmeidlaw.com
*Attorneys for Plaintiff William Wisniewski*

## ATTORNEY CERTIFICATION

I, Robert Wennemer, an attorney duly admitted to practice law in the State of New Jersey, hereby certify under penalty of perjury:

I am an attorney associated with the Law Offices of Robert S. Gitmeid & Associates, PLLC, attorneys for William Wisniewski, the Plaintiff in the foregoing matter, with an office located at 30 Wall Street, 8th Floor #741, New York, NY 10005. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with New Jersey Rule 1:38-7(b).

Pursuant to New Jersey Rule 4:5-1(b), I certify that this matter is not the subject of any other action pending in this Court or any other Court, is not the subject of a pending arbitration proceeding, nor are other actions or arbitration proceedings being contemplated regarding this matter. I further certify that no other parties should be joined in this action.

Dated: January 26, 2024

*/s/ Robert Wennemer*
Robert Wennemer, Esq.

10

# EXHIBIT A

**CHASE** 🔾

CARDMEMBER SERVICES
P.O. BOX 15548
WILMINGTON, DE 19886-5548

📞 1-877-236-8491
We accept operator relay calls

13702 RCT 056 001 34421 NNNNNNNNNNNN STL050
**WILLIAM WISNIEWSKI**

December 09, 2021

## Update:   **Here are the terms of your settlement agreement**

Your account ending in 0617

Dear William Wisniewski:

Thank you for accepting our settlement agreement for $2,232.00. Please review these details about the agreement.

**Here's your payment schedule**

| Payment Date | Payment Amount |
| --- | --- |
| 12/30/2021 | $186.00 |
| 01/30/2022 | $186.00 |
| 02/28/2022 | $186.00 |
| 03/30/2022 | $186.00 |
| 04/30/2022 | $186.00 |
| 05/30/2022 | $186.00 |
| 06/30/2022 | $186.00 |
| 07/30/2022 | $186.00 |
| 08/30/2022 | $186.00 |
| 09/30/2022 | $186.00 |
| 10/30/2022 | $186.00 |
| 11/30/2022 | $186.00 |

Total Payments: $2,232.00

If you have already made your first payment, please make your remaining payments based on the payment schedule.

**Here's how you can pay**
- Call us at 1-877-236-8491, or

This is an attempt to collect a debt and any information obtained will be used for that purpose.

# EXHIBIT B

## Credit report

Provided by EQUIFAX



Report date: Dec 4, 2023

## Personal info

| Reported names | **William T Wisniewski** | Addresses | Date reported |
| --- | --- | --- | --- |



DOB

SSN

Employment info

## Account summary



## Accounts

### Credit Cards



**JPMCB · CARD SERVICE**
Reported: Dec 8, 2019

$4,462.00
Closed

**Overview**

You're currently using 47% of your account's limit.

Balance: $4,462.00                    Credit limit: $9,500.00

**Account details**

| | |
|---|---|
| Account Number | ▮▮▮▮0617 |
| Account Status | Charge Off |



Monthly Payment Amount                    $0.00

Current Payment Status                    Collection/Charge-off



# EXHIBIT C



## LAW OFFICES OF
## ROBERT S. GITMEID & ASSOC., PLLC

December 4, 2023

**VIA CERTIFIED MAIL**

Transunion Consumer Solutions          Equifax Information Services, LLC
P.O. Box 2000                          P.O. Box 740256
Chester, PA 19016                      Atlanta, GA 30374-0256

Experian
P.O. Box 4500
Allen, TX 75013

        Re:          William T. Wisniewski
        Creditor:    Chase Bank (USA), National Association
        Account No.: Ending in 0617

Dear Sir and/or Madam,

        Please be advised that the office was retained to represent William T. Wisniewski with respect to his claims for violations under the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.

        On or about December 9, 2021, Mr. Wisniewski, and Chase Bank (USA), National Association ("Chase") entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein for your review. Pursuant to the terms of the settlement, Mr. Wisniewski was required to make monthly payments totaling $2,232.00 to settle and close his Chase account. Mr. Wisniewski, via his debt settlement representative, timely made the requisite settlement payments.

        However, over a year and a half later, Mr. Wisniewski's account continues to be negatively reported. In particular, on a requested credit report dated December 4, 2023, Mr. Wisniewski's account was reported with a status of "Charge Off", a balance of $4,462.00, and a past due balance of $4,462.00. The relevant portion of Mr. Wisniewski's credit report is attached herein for your review. The trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled in full and has a balance of $0.00.

        Please take notice that this dispute is made pursuant to 15 U.S.C. § 1681i under the FCRA. Therefore, if this inaccuracy is not corrected within thirty (30) days, we will pursue further legal process on behalf of our client.

        Thank you for your prompt attention to the important matter.

                                        Very truly yours,

                                        Allayah Chirinos
                                        Paralegal
                                        Law Offices of Robert S. Gitmeid
                                        & Associates, PLLC.
                                        Allayah.c@gitmeidlaw.com
                                        (866) 249 1137

Tel (866) 249-1137    30 Wall Street, 8th Floor #741, New York, NY 10005    Fax (877) 366-4747
www.GitmeidLaw.com

**CHASE** ⬤

CARDMEMBER SERVICES
P.O. BOX 15548
WILMINGTON, DE  19886-5548

📞 1-877-236-8491
We accept operator relay calls

ılıdıljllljllıllljlljlıljlıljlıddljlljll

13702 RCT 056 001 34421 NNNNNNNNNNNNN STL050
**WILLIAM WISNIEWSKI**

December 09, 2021

# Update:   **Here are the terms of your settlement agreement**

Your account ending in 0617

Dear William Wisniewski:

Thank you for accepting our settlement agreement for $2,232.00. Please review these details about the agreement.

**Here's your payment schedule**

| Payment Date | Payment Amount |
|---|---|
| 12/30/2021 | $186.00 |
| 01/30/2022 | $186.00 |
| 02/28/2022 | $186.00 |
| 03/30/2022 | $186.00 |
| 04/30/2022 | $186.00 |
| 05/30/2022 | $186.00 |
| 06/30/2022 | $186.00 |
| 07/30/2022 | $186.00 |
| 08/30/2022 | $186.00 |
| 09/30/2022 | $186.00 |
| 10/30/2022 | $186.00 |
| 11/30/2022 | $186.00 |

Total Payments: $2,232.00

If you have already made your first payment, please make your remaining payments based on the payment schedule.

**Here's how you can pay**
- Call us at 1-877-236-8491, or

This is an attempt to collect a debt and any information obtained will be used for that purpose.

## Credit report



Provided by **EQUIFAX**

Report date: Dec 4, 2023

## Personal info

| Reported names | **William T Wisniewski** | Addresses | Date reported |
|---|---|---|---|

DOB

SSN

Employment info



## Account summary



## Accounts

### Credit Cards



**JPMCB - CARD SERVICE**
Reported: Dec 8, 2019

$4,462.00
Closed

**Overview**

You're currently using 47% of your account's limit.

Balance: $4,462.00          Credit limit: $9,500.00

**Account details**

| Account Number | 0617 |
| --- | --- |
| Account Status | Charge Off |



Monthly Payment Amount          $0.00

Current Payment Status          Collection/Charge-off



# EXHIBIT D

## Credit report

| TransUnion | Equifax | Experian | All bureaus |



| Bureau | TransUnion | EQUIFAX | experian |
|---|---|---|---|
| VantageScore 3.0 | | | |
| Report date | Jan 16, 2024 | Jan 16, 2024 | Jan 16, 2024 |

## Personal info



| Reported names | William T Wisniewski | William T Wisniewski<br>William J Wisniewski | William Wisniewski<br>William J Wisniewski<br>William T Wisniewski<br>Bill Wisniewski<br>T Wisniewski William |
|---|---|---|---|
| DOB | | | |
| SSN | | | |
| Employment info | | | |
| Addresses | | | |

## Account summary



## Accounts

| | | |
|---|---|---|
| Dec 8, 2019 | **$4,462.00**<br>JPMCB - CARD SERVICE | |

**Account details**

| | |
|---|---|
| Account Number | ████**XXXX** |
| Date Opened | **Dec 22, 2014** |
| Last Activity | **Nov 1, 2019** |



| | |
|---|---|
| Monthly Payment | **$0.00** |
| Term Source Type | |
| Current Rating | **Collection/Charge-off** |
| Status | **Charge Off** |
| Type | **Individual** |
| High Balance | |
| Unpaid Balance | **$4,462.00** |
| Highest Adverse Rating | **Collection/Charge-off** |
| Most Recent Adverse Rating | **No Data Available** |
| Comments | |

**Account details**

You've Made 92% Of Payments For This Account On Time.

**2019**
| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK |
| Jul | Aug | Sep | Oct | Nov | Dec |
| OK | 30 | 60 | 90 | 120 | |

**2018**
| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK |
| Jul | Aug | Sep | Oct | Nov | Dec |
| OK | OK | OK | OK | OK | OK |

**2017**
| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK |
| Jul | Aug | Sep | Oct | Nov | Dec |
| OK | OK | OK | OK | OK | OK |

**2016**
| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK |
| Jul | Aug | Sep | Oct | Nov | Dec |
| OK | OK | OK | OK | OK | OK |

**2015**
| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| | | | | | |
| Jul | Aug | Sep | Oct | Nov | Dec |
| | | | | | OK |

| | |
|---|---|
| OK | Paid on time |
| 30 | 30 days past due |
| 60 | 60 days past due |
| 90 | 90 days past due |
| 120 | 120 days past due |
| 150 | 150 days past due |
| BR | Bankruptcy |
| RF | Repossession or foreclosure |
| CC | Collection or charge off |
| VS | Voluntary surrender |
| N/A | No data available |

**Collection agency**

JPMCB - CARD SERVICE
301 N WALNUT ST, FLOOR 0
WILMINGTON, DE 19801
(800) 945-2000

Account ID:
081313259a3a4923e696ed1c815c6276

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000107-24

**Case Caption:** WISNIEWSKI WILLIAM  VS JPMORGAN CHASE BANK,  N.A.

**Case Initiation Date:** 01/26/2024

**Attorney Name:** ROBERT GEORGE WENNEMER JR

**Firm Name:** ROBERT S. GITMEID & ASSOCIATES, PLLC

**Address:** 180 MAIDEN LANE
NEW YORK NY 10038

**Phone:** 2122265081

**Name of Party:** PLAINTIFF : Wisniewski, William

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: William Wisniewski?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/26/2024
Dated

/s/ ROBERT GEORGE WENNEMER JR
Signed